

**ORDERED in the Southern District of Florida on September 18, 2013.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**In re:**

**TREENA M. TAYLOR,**

      **Debtor.**

_____/

**CASE NO.: 13-14557-EPK**
**Chapter 13**

**ORDER DENYING IN PART AND SETTING**
**HEARING ON MOTION FOR REHEARING**

THIS MATTER came before the Court upon the *Motion for Rehearing on Three Orders; Motion to Stay Disgorgement of Fees, Sanctions and Damages and Motion for an Extension to File Required 14 Day Notice* [ECF No. 46] (the "Motion"). In the Motion, Joseph T. Schiavone, Jr. requests reconsideration of this Court's *Order (I) Directing Joseph T. Schiavone, Jr. to Disgorge Fee to Debtor; (II) Directing Joseph T. Schiavone, Jr. to Pay Damages and Sanctions to Debtor; and (III) Directing Herbert W. Biggs, Esq. to Disgorge Fee to Debtor* [ECF No. 40] (the "Disgorgement Order") and this Court's *Order Enjoining Joseph T. Schiavone, Jr. from Acting as a Bankruptcy Petition Preparer in the Southern District of Florida* [ECF No. 41] (the "Enjoinment Order").

**1** of **3**

Mr. Schiavone states that he did not attend the hearing held on July 11, 2013 that led to entry of the Disgorgement Order and the Enjoinment Order because he did not receive notice. He requests a rehearing to present his defenses to the matter that gave rise to the Disgorgement Order and Enjoinment Order.

As the Court found in the Enjoinment Order, Mr. Schiavone was properly noticed of the July 11, 2013 hearing but failed to attend. Because Mr. Schiavone did receive proper notice of the July 11, 2013 hearing, Mr. Schiavone may not re-litigate the substantive issues underlying the Disgorgement Order or the Enjoinment Order. The Motion is denied to the extent it requests rehearing to re-litigate substantive issues.

Mr. Schiavone also requests an extension of the deadlines by which he was to disgorge his fee to the debtor and file a notice of compliance. The Court will hold a hearing to consider this request.

Accordingly, it is ORDERED AND ADJUDGED that:

1.      To the extent the Motion [ECF No. 46] requests a rehearing to re-litigate underlying substantive issues, the Motion is denied.

2.      The Court will hold a hearing to consider the remaining relief requested in the Motion [ECF No. 46] and will consider Mr. Schiavone's requests to extend his deadline to disgorge his fee to the debtor and his deadline to file a notice of compliance at a hearing on October 17, 2013 at 10:30 a.m. at the United States Bankruptcy Court, Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401.

                                    ###

Copies Furnished to:

Joseph T. Schiavone, Jr.
521 Northlake Boulevard # 4
North Palm Beach, Florida 33408

Treena M. Taylor
5550 Jeffery Ave
West Palm Beach, FL 33407

Robin R Weiner

AUST